## THE OHIO SUPREME COURT

No. 17807—E. E. Curtis et al v. State, ex rel. Catherine E. Morgan. Error to the Court of Appeals of Stark county.

**MUNICIPAL LAWS—(1) Employes may be laid off or suspended temporarily, when, without written notice—(2) No appeal—(3) Reinstatement—(4) Merit system defined.**

MARSHALL, C. J.

1. Where an employee in the classified service of a municipality is temporarily laid off by the safety director in the interest of economy and for the sole reason of the lack of sufficient funds with which to pay salaries of the entire working force in such depadtment, the statutory provisions for written notice to such laid-off or suspended employee and for opportunity to make and file an explanation have no application.

2. No appeal lies from the action of the appointing authority except in cases of removal on the grounds set forth in Section 486-17a, General Code.

3. In all cases of temporary lay-off or suspension of a municipal employee in the classified service sush suspended or laid-off employee retains title to the office or position, and is entitled to be reinstated therein upon the same again being refilled in preference to all persons.

.4 The fundamental purpose of civil service laws and rules is to establish a merit system whereby selections for appointments in certai nbranches of the public servicemay be made upon the basis of demonstrated relative fitness without regard to political considerations, and to safeguard appointees against unjust charges of misconduct and inefficiency and from being unjustly discriminated against for religious or political reasons or affiliations. Those laws and rules may not be invoked by an appointee where no discrimination is claimed and no charges have been made involving misconduct, inefficiency, or other delinquency.

Judgment reversed.

Robinson, Jones, Matthias and Allen, JJ., concur.

---

(Continued from Page 489)

### OHIO COURT OF APPEALS

### No. 505
### UNDERWOOD v. STATE

Ohio Appeals, Sixth District, Lucas County
No. 1324. Decided June 18, 1923

This opinion has not been published except in Abstract.

**VENUE—Prosecution for neglect of minor child may be maintained at mother's domicile, or in county where child is living.**

CHITTENDEN, J.

#### Epitomized Opinion

Underwood was indicted on a charge of neglecting h:s m.nor chi d, was tried, found guilty and sentenced by Judge Martin of the Common Pleas Court of Lucas county. The accused prosecuted error to this court on the ground that the trial court had no jurisdiction. Underwood and his wife were divorced in Kansas City and Mrs. Underwood was given the custody of their minor child. Thereafter she removed to Toledo, Ohio, and secured employment. Later he went to Toledo but when indicted was employed at Detroit. Mrs. Underwood had her foster parents at Bloomville, Seneca county, Ohio, temporarily care for the child, as her employment made it impossible to give the child proper care. The father admitted that he had not contributed more than $30 to the child's support, but contended that the prosecution could have been rightfully had only in Seneca county. In sustaining the judgment of the lower court, the Court of Appeals he'd:

1. The legal domicile of the child is that of the mother, in Lucas county, Ohio, even though the child is temporarily absent from the county.

2. Section 13011 broadens the jurisdiction of the court and enables the prosecution to be had either in the county in which the child is living or the domicile of the parent who has the custody of the child.

**Attorneys**—J. E. Farber, for Underwood; Roy S Stuart, Pros., for State.

---

# NEW LAW

### AN ACT

To amend 6212-33 GC., relative to assessment and penalty for illegal traffic in intoxicating liquors becoming a lien upon real property.
Passed April 5; app. April 19; eff. July 19, 1923.
Sec. 6212-33. Such assessment, with any penalty thereon, shall attach and operate as a lien upon the real property on and in which such business is conducted, as of the fourth Monday of May of each year, and shall be paid at the time provided for by the law for the payment of taxes on real or personal property within the state, to-wit: One-half on or before the twentieth day of June, and one-half on or before the twentieth day of December of each year; provided, however, that if the illegal traffic in liquor is commenced after the fourth Monday in May in any year, such assessment shall attach and operate as a lien as herein provided upon the date of such commencement, and provided if such traffic is commenced after the twentieth day of June of any year, then the full tax on $1,000 and any penalty thereon shall be paid on the twentieth day of December of the same year; and provided further that such assessment with any penalty thereon shall not attach or operate as a lien upon the real property aforesaid, if the business taxed and for which the assessment is paid, is conducted by a person, corporation or co-partnership without the knowledge or assent of the owner of said real property, and provided, also, that, in all cases where a mortgage exists or is taken on such real property, as aforesaid, for a valuable consideration, in good faith, and without knowledge or assent on the part of the mortgagee thereunder, at the time of the execution of said mortgage that said real property had been or was being used for the illegal traffic in intoxicating liquors, the lien of such mortgage shall, to the extent of the actual principal or balance of money, including interest, secured thereby, be prior and paramount to the lien of the assessment so attaching and operating upon said property, as herein set forth. Any person who trafficks in intoxicating liquors as a beverage shall not be entitled to any rebate or refunder under the liquor tax law, except as provided in the preceding section. The payment of such tax shall give no right to engage in the traffic of intoxicating liquors, nor relieve anyone from criminal liability.